J-S82035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH GARCIA, | |
| Appellant | No. 882 MDA 2016 |

Appeal from the PCRA Order April 28, 2016
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000332-2001

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 08, 2016**

Appellant, Kenneth Garcia, appeals from the order which dismissed without a hearing, after notice, his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 (PCRA), as untimely. Appellant claims his petition is timely under the after-discovered facts exception because his girlfriend is now willing to be a witness as to her version of the arrest at issue.  We affirm.

We derive the facts of this case from the PCRA court's order giving notice of its intent to dismiss, and our independent review of the certified record.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

The underlying procedural history of this case is not in dispute, even though Appellant now requests an arrest of judgment, and seeks to re-characterize the reasons for his various actions, especially his guilty plea.[2]

On October 25, 2001, he entered a counseled, negotiated plea agreement by which he pleaded guilty to possession with intent to deliver, knowing and intentional possession by a person not registered, and driving while his operating privilege was suspended or revoked—DUI related. (*See* Order, 3/21/16, at 1). On December 5, 2001, the court imposed the agreed-on aggregate sentence of not less than fifteen months nor more than three years of incarceration. As part of the plea agreement the Commonwealth agreed to waive a mandatory ten year sentence. Appellant did not file a motion to withdraw his guilty plea. Nor did he file a direct appeal. Appellant's judgment of sentence became final on Friday, January 4,

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] On June 22, 2016, the PCRA court filed an opinion in the form of an order in this appeal, referencing its notice of intent to dismiss of March 21, 2016, for the reasons supporting its dismissal without a hearing. *See* Pa.R.A.P. 1925(a); (*see also* Order, 3/21/16; Order 6/22/16).

[2] When a defendant enters a guilty plea, he waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of his sentence and the validity of his plea. *See Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). Furthermore, a defendant challenging the validity of a guilty plea on direct appeal must object during the plea colloquy or file a [motion] to withdraw the plea within ten days of sentencing, and failure to do so results in waiver. *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013).

2002.[3]   Accordingly, he had until January 6, 2003, to file a timely PCRA petition.[4]

Appellant was released from incarceration in 2004 and is not currently serving a sentence related to this case.  (**See id.**).  Appellant is currently serving a federal sentence for unrelated drug charges in New York (sale of heroin), to which he pleaded guilty in 2013.  (**See id.**; **see also** PCRA Petition, 2/12/16, at 5).

Appellant filed the instant PCRA petition, *pro se*, on or about February 12, 2016, over thirteen years beyond the filing deadline.  The PCRA court appointed counsel who continues to represent Appellant in this appeal.  In pertinent part, he alleges that his girlfriend, who was there when his vehicle was stopped by police, but refused to testify at a trial for him, is now willing to testify in support of his innocence.  In her proffered statement she generally contradicts the version of facts provided by the arresting police. (**See** PCRA Petition, 2/12/16, at Exhibit D).

Based on his girlfriend's sworn affidavit, Appellant now seeks an arrest of judgment or remand for resentencing.  He states that in the federal case

_____

[3] **See** 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

[4] January 4, 2003 fell on a Saturday.

he received a sentence of 198 months (sixteen and a half years) of incarceration, based (at least in part) on his classification as a career offender. (*See id.* at 5). He maintains that if the instant Pennsylvania sentence were vacated, his federal sentence would be reduced to 124 months (ten years and four months). (*See id.*).

On March 21, 2016, the PCRA court filed notice of intent to dismiss pursuant to Pa.R.Crim.P. 907(1). Counsel for Appellant responded; Appellant also filed a *pro se* response. On April 28, 2016, the PCRA court dismissed his petition without a hearing. Counsel filed a timely notice of appeal on behalf of Appellant.[5] Counsel filed a timely statement of errors, on June 16, 2016. *See* Pa.R.A.P. 1925(b). As previously noted, the PCRA court filed an order on June 22, 2016, referencing its notice of intent to dismiss of March 21, 2016, for the reasons supporting its dismissal without a hearing. *See* Pa.R.A.P. 1925(a); (*see also* Order, 3/21/16; Order 6/22/16).

Appellant raises one question for our review on appeal:

1. Whether [t]rial [c]ourt erred when it denied Appellant's PCRA [p]etition without a hearing as Appellant's [p]etition was not untimely?

(Appellant's Brief, at 4).

---

[5] May 28, 2016 fell on the Saturday of Memorial Day weekend.

Our standard of review for an order denying PCRA relief is well-settled:
We review a PCRA court's order to determine whether it is supported by the
evidence of record and is free of legal error. Great deference is granted to
the findings of the PCRA court, and these findings will not be disturbed
unless they have no support in the certified record. ***See Commonwealth
v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011).

"[I]f a PCRA [p]etition is untimely, a trial court has no jurisdiction to
entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa.
Super. 2000) (citations omitted). The PCRA provides that "[a]ny petition
under this subchapter, including a second or subsequent petition, shall be
filed within one year of the date the judgment becomes final[.]" 42
Pa.C.S.A. § 9545(b)(1).

Here, because Appellant's judgment of sentence became final on
January 4, 2002, he had until January 6, 2003, to file a timely PCRA
petition.[6] Appellant did not file this petition until February 12, 2016, over
thirteen years later. Thus, it is untimely on its face. Accordingly, he had to
plead and prove that his claim falls under one of the exceptions at section
9545(b) to establish jurisdiction for a merit review. ***See*** 42 Pa.C.S.A.
§ 9545(b)(1)(i)-(iii).

_____

[6] January 4, 2003 fell on a Saturday.

- 5 -

The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the enumerated exceptions applies. *See, e.g., Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant claims the benefit of the after-discovered facts exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]").[7]

However, to prevail under the newly-discovered facts exception, Appellant must plead and prove that the facts upon which the claim is predicated were **unknown** to him and could not have been ascertained earlier by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1273–74 (Pa. 2007).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. **Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.**

---

[7] Furthermore, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

*Commonwealth v. Brown*, 111 A.3d 171, 176, *appeal denied*, 125 A.3d 1197 (Pa. 2015) (citations and internal quotation marks omitted) (emphasis added).

Here, Appellant's claim fails on its own facts. Appellant concedes that he knew of his girlfriend's potential testimony at the time of his plea. (*See* Appellant's brief, at 10-11). He claims that she refused to testify at that time. (*See id.*). However, his girlfriend's unwillingness to come forward in time for a trial, or her willingness to come forward now, is not relevant to the proof of whether Appellant **knew** of the facts he now presents and acted with due diligence in presenting them. Moreover, Appellant's long-delayed petition also fails to comply with the sixty day rule. *See* 42 Pa.C.S.A. § 9545(b)(2).

On independent review we conclude that the PCRA court properly decided that Appellant failed to prove a statutory exception to the PCRA time bar, because the information now presented was previously known to Appellant. The focus of the after-discovered facts exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts. *See Brown*, *supra* at 176.

Because Appellant's petition is untimely, with no exception to the statutory time-bar pleaded and proven, the PCRA court properly determined that it was without jurisdiction to address the merits of his asserted claims.[8]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary

Date: 12/8/2016

---

[8] Because we conclude that the PCRA court properly determined that it was without jurisdiction to review the merits of Appellant's claims, we need not address the Commonwealth's additional issue that Appellant, who is no longer serving the sentence at issue, would not be eligible for PCRA relief under the "currently serving" requirement. (*See* Commonwealth's Brief, at 4); *see also* 42 Pa.C.S.A. § 9543(a)(1)(i).